PER CURIAM.
Stanimir Stantchev (Former Husband) appeals the Final Judgment dissolving his marriage to Dyiana Stantcheva (Former Wife). The parties are from Bulgaria and we note that their last names differ according to Bulgarian custom. Former Husband argues that the trial court erred 1) by granting Former Wife $5,300 per month in permanent alimony because that figure was not based on actual need and 2) by unfairly dividing the parties’ assets.
As to the alimony issue, we affirm without further discussion. Regarding the equitable distribution ordered by the trial court, there are three errors that were made that need to be corrected on remand.
First, Former Husband argues that the distribution scheme should be revised to exclude a CCB AD account in the amount of $23,660 from inclusion as a marital asset. Former Wife concedes that this is a non-marital asset belonging to Former Husband and that it should not have been included as a marital asset. We agree and on remand, the trial court shall revise the distribution scheme by deleting this account as a marital asset.
Second, Former Husband, just weeks before Former Wife filed for divorce, transferred $100,000 to a Bulgarian bank. Upon converting dollars to Bulgarian .leva, the account became worth ap *315 proximately $91,015 in U.S. dollars. The funds were not transferred for any nefarious reason; Former Husband did not know Former Wife was going to seek a divorce. The court ordered Former Husband to pay Former Wife $50,000 in U.S. dollars to equitably divide the account. Former Husband argues that Former Wife should- have been ordered to bear her half of the decrease in the value of the account. We agree. “The date for determining value of assets ... identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances.” § '61.075(7), Fla. Stat. (2013). The trial court was certainly within its discretion in ordering Former Husband to repay using U.S. dollars. However, it was error to value the asset as of the date it was transferred to Bulgaria, which was $100,000, and converted to leva. Former Husband was not attempting to hide funds when he made this transfer; it was uncontradicted that the divorce was a complete surprise to him. The decrease in funds was an event that both parties bore at the time it occurred, which was before the dissolution action was begun. In the absence of any evidence that notions of justice and equity required valuing the account as of the date it was transferred, it was an abuse of discretion to use that date. As the only other evidence of valuation post-filing was the $91,015 figure, the trial court on remand shall amend the equitable distribution plan to have Former Wife bear her half of the $8,985 loss in value. Presumably, there will be an expense associated with converting the leva back to dollars, which expense should also be borne equally.
Third, Former Husband testified that Former Wife had used $4,000 (actually $3,958) in marital funds to make an initial payment to her attorney. He had discovered that amount was removed from a marital account about two months prior to the date Former Wife filed for the dissolution. He argues it is appropriate to credit him for one-half of that amount. We agree. Former Wife used marital funds for the down payment for her attorney’s fees, making it at a time the parties were still living together. After they separated, the temporary support began. Temporary support was specifically designed to include Former Wife’s fees. Given the distribution of almost one-half of a million dollars to each party, each party had the ability to pay his or her own fees. On remand, Former Husband’s request for a credit of one-half of the $3,958 amount should be incorporated in the revised equitable distribution plan.
Accordingly, we reverse that part of the Final Judgment regarding the equitable distribution plan and remand this case so the trial court can amend the distribution plan as follows: 1) remove $23,660 of improperly included nonmarital assets of Former Husband; 2) require Former Wife to bear one-half of the loss of $8,985 stemming from the conversion of $100,000 USD to Bulgarian leva; and 3) credit Former Husband with one-half of the $3,958 in marital funds used by Former Wife as down payment for attorney’s fees. In all other respects, the judgment under review is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, PALMER and BERGER, JJ., concur.